Requestor: William J. Potskowski, Esq., Town Attorney Town of Moriah 15 Broad Street Port Henry, New York 12974
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
You have asked whether a town board member may also be employed by the county department of civil service.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
The Civil Service Law authorizes various forms of local civil service administration: municipal civil service commissions; personnel officers and regional civil service commissions. Civil Service Law § 15(1). In Essex County, the civil service system is supervised by a personnel officer, whose duties and responsibilities include prescribing, amending and enforcing suitable rules for carrying into effect the provisions of the Civil Service Law. Id., § 20. The personnel officer is also responsible for certifying the appropriate civil service title for newly-created civil service positions in the municipality. Id., § 22. He or she also has authority to investigate the enforcement and effect of its rules throughout the municipality it serves, in this case the county. Id., §§ 6(3), (4), 21.
Section 27 of the Civil Service Law prohibits members of a municipal civil service commission from holding any other public office or employment in the political subdivisions over which the commission exercises jurisdiction. Id., § 27(1). Furthermore, section 27 prohibits commission members from serving as officers of any political party. Id., § 27(2). There is no comparable provision, however, which bars employees of a county civil service department from holding other public office.
You have informed us by telephone that the individual in question is employed by the civil service department as an executive secretary. She does not have discretion to exercise or supervise any of the commission's powers under the Civil Service Law. Her duties and responsibilities are limited to the purely ministerial functions associated with the position of executive secretary.
She is not subject to the ban on holding other public positions set forth in section 27 of the Civil Service Law. Furthermore, inasmuch as none of her duties involve supervision or investigation of compliance with civil service regulations in the town she would serve as a board member, there is no opportunity for conflict.
We conclude that an employee of a county department of civil service may also serve as a town councilman when the nature of the county employment does not involve supervision or investigation of town compliance with the Civil Service Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.